UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| Patricia M. Colburn,  )<br>    )<br>        Plaintiff    )<br>    )<br>v.    )<br>    )<br>Myles Calvey,    )<br>    )<br>        Defendant    )<br>    ) | Civil Action No. 04 11920 MLW |

**DEFENDANT'S MEMORANDUM
IN SUPPORT OF MOTION TO DISMISS**

### Introduction

Defendant Myles Calvey files this memorandum in support of his Motion to Dismiss Plaintiff's claim in the above-captioned matter. Plaintiff's claim is filed against Myles Calvey, Business Manager of Local 2222, International Brotherhood of Electrical Workers (herein "the Union"). The sum and substance of Plaintiff's Complaint appears to take issue with the Union's conduct in regard to her termination from Verizon and some possible earlier treatment at the workplace. When Plaintiff's Complaint is read in the light most favorable to Plaintiff, she appears to be alleging that the Local Union breached its duty of fair representation to her, in violation of 29 U.S.C. §158(b)(1)(A). Under the Labor Management Relations Act of 1947, §301, the statute of limitations for bringing a suit of this kind is six months. Plaintiff's suit was not filed for at least two years after Plaintiff was fully aware the Union was not pursuing a grievance concerning her termination or any other matter on her behalf. In addition, Plaintiff brought this claim solely against Mr. Calvey, Business Manager of Plaintiff's Local Union. A

duty of fair representation claim may be brought only against the Union itself, not its officers. Thus, Plaintiff's Complaint fails to state a claim upon which relief can be granted, and should, therefore, be dismissed.

### Facts

For the purposes of this motion, Defendant assumes that the following facts as alleged in Plaintiff's Complaint are true.

Until she was terminated in December 2001, Plaintiff was an employee of Verizon and, during the term of her employment, Plaintiff was, at varying times, a member of International Brotherhood of Electrical Workers ("IBEW"), AFL-CIO, Local 2222 (herein "the Union"). Plaintiff was terminated on December 15, 2001. (Complaint at 7).

Sometime prior to her termination in December 2001, Plaintiff alleges that various union agents failed to represent her in grievances relating to emergency personal days, the counting of overtime, and in two altercations with co-workers for which she did not receive any discipline. (Complaint at 4-5, 7-8).

Plaintiff alleges that after she received her termination notice, she called the Union upon receiving notice of her termination and "they said that they did not handle workers comp". (Complaint at 7). Plaintiff further alleges that a "union person" named "Sheila" did nothing with a "grievance" that Plaintiff had sent to her regarding her termination. (Complaint at 7). Additionally, Plaintiff alleges that Myles Calvey, "the head of the union", was rude to her and said he could not do anything for her regarding her termination.[1] (Complaint at 7).

---

[1] While Defendant Myles Calvey denies that he was rude and notes that in Plaintiff's Complaint she admits that she used obscene language, solely for the purpose of the Motion to Dismiss, Defendant accepts Plaintiff's statement as alleged.

2

Finally, Plaintiff alleges that in February 2002, Mr. Calvey acted against her interest after her termination when he was able to get a settlement from Verizon to get Plaintiff her pension in exchange for her withdrawal of her discrimination claim. (Complaint at 7). In fact, based upon information and belief, Defendant avers that Plaintiff is receiving a pension from Verizon and commenced receiving same without withdrawal of any discrimination claim. Lastly, Plaintiff was fully cognizant of any statue of limitations.

On May 22, 2002, Plaintiff filed an unfair labor practice charge (a copy is attached hereto as Exhibit A) against the Union alleging that, since on or about February 1, 2002, the Union had failed to represent her on a grievance regarding her termination. Based upon knowledge and belief, this charge was dismissed.

On September 5, 2003, Plaintiff again filed an unfair labor practice charge (attached hereto as Exhibit B) again alleging the refusal of the Union to represent her on a grievance regarding her termination. This charge was also dismissed by the NLRB (attached hereto as Exhibit C). Plaintiff appealed the dismissal, which appeal was denied by the NLRB (attached hereto as Exhibit D).

## Argument

**I. Plaintiff's "Alleged" Civil Claims are Preempted by Federal Law.**

In 1957, the Supreme Court held that §301 of the Labor Management Relations Act, 29 U.S.C. §185(a), authorizes federal courts to fashion "a body of federal law for the enforcement of collective bargaining agreements". *Textile Workers v. Lincoln Mills of Alabama*, 353 U.S. 448, 451, 77 S.Ct. 912, 915 (1957). The Supreme Court has subsequently held that the need for a uniform body of federal labor law sweeps broadly and preempts any state law cause of action which arises out of a collective bargaining agreement. *Avco Corp. v. Machinists*, 390 U.S. 557,

88 S.Ct. 1235 (1968) [§301 preempts any state law claim for breach of a collective bargaining agreement]; *Allis Chalmers Corp. v. Lueck*, 417 U.S. 202, 105 S.Ct. 1904 (1984) [§301 preempts state law tort claim against employer where duty of which a violation is claimed is created by collective bargaining agreement].

In *United Steelworkers of America v. Rawson*, 495 U.S. 362, 110 S.Ct. 1904 (1990), the Court held that a state law claim against a union based upon its alleged negligence is preempted by federal law.

> Preemption by federal law cannot be avoided by characterizing the union's negligent performance of what it does on behalf of the members of the bargaining unit pursuant to the terms of the collective bargaining contract as a state law tort. Accordingly, this suit if it is to go forward at all, must proceed as a case controlled by federal, rather than state, law. *Rawson*, 495 U.S. at 367, 110 S.Ct. 1 1911.

The First Circuit has also determined that claims of contract or tort which are derived from state law are preempted when they are, in fact, premised upon the duty of fair representation. *O'Brien v. Consolidated Rail Corp.*, 972 F.2d 1 (1st Cir. 1992).

In the instant case, Plaintiff's claims relate to the Union's alleged conduct in dealing with her work-related complaints and the processing of her grievances. In effect, Plaintiff appears to claim that the Union acted improperly by failing to file a grievance or somehow otherwise protest her termination. Plaintiff's claims are all based upon an assumption that the Union was required to advocate on her behalf on every claim of alleged wrongdoing perpetrated against her and to pursue all avenues on her behalf. If any such duty existed, it would arise out of the Union's contract with the Employer, which contained a grievance procedure. As Plaintiff's claims arise exclusively under the Union's "performance of what it does on behalf of the members of the bargaining unit pursuant to the terms of the collective bargaining contract", *Rawson, supra,* federal law clearly governs this case.

4

## II. The Only Duty the Union Owed Plaintiff was the Duty of Fair Representation

Under Federal law, as the exclusive collective bargaining representative of its members, a union owes all of its members a duty to represent them fairly.

> [A]s the exclusive bargaining representative of the employees . . . the Union has a statutory duty fairly to represent all of those employees, both in its collective bargaining . . . and in its enforcement of the resulting collective bargaining agreement. *Vaca v. Sipes*, 386 U.S. 171, 177 (1967).
>
> Under this doctrine, the exclusive agent's statutory authority to represent all members of a designated unit includes a statutory obligation to serve the interests of all members without hostility or discrimination toward any, and to exercise its discretion with complete good faith and honesty, and to avoid arbitrary conduct. *Ibid. Rawson*, 495 U.S. at 372.

While a Union owes its members this duty, the Supreme Court has also set forth a high standard for when that duty will be violated:

> This duty of fair representation is of major importance, but a breach occurs 'only when a union's conduct toward a member of the collective bargaining agreement unit is arbitrary, discriminatory, or in bad faith'. [*Vaca v. Sipes*, 386 U.S. 171] at 190.
>
> The courts have in general assumed that mere negligence, even in the enforcement of a collective bargaining agreement, would not state a claim for breach of the duty of fair representation, and we endorse that view today. *Id.*, 495 U.S. at 372-373.

Finally, the Court has held that in the absence of a clearly assumed further duty, the duty of fair representation is the only duty a union owes its members.

> The doctrine of fair representation is an important check on the arbitrary exercise of union power, but it is a purposefully limited check, for a 'wide range of reasonableness must be allowed a statutory bargaining representative in serving the unit it represents'. *Ford Motor Co. v. Huffman*, 345 U.S. 330, 338 (1953).
>
> If an employee claims that a union owes him a more far-reaching duty, he must be able to point to language in the collective bargaining agreement specifically indicating an intent to create obligations enforceable against the union by the individual employees. *Cf. Republic Steel Corp. v. Maddox*, 379 U.S. 650, 653 (1965). *Id.*, 495 U.S. at 374.

Again, in this case, the sum of Plaintiff's allegations against Mr. Calvey relate to the Union's alleged failure to advocate on her behalf regarding a variety of informal complaints and grievances, up to and including her termination. All of these allegations, thus, fall under the Union's duty to fairly represent her pursuant to the collective bargaining agreement. As Plaintiff cannot "point to language in the collective bargaining agreement specifically indicating an intent to create obligations enforceable against the union," the Union can only be liable to her for a breach of its duty of fair representation, and Plaintiff does not, and cannot, state a claim for a breach of that duty.

### III. Plaintiff's Claims are Time-Barred

As outlined above, Plaintiff's claims against Mr. Calvey are actually claims that the Union breached its duty of fair representation, the only duty owed her. Claims for a breach of the duty of fair representation are governed by a six month statue of limitations.

Claims for a breach of the duty of fair representation must be filed within six months of the events giving rise to the alleged breach. *Del Costello v. Teamsters*, 462 U.S. 51 (1983). *See also Cole v. James River Corp.*, F.2d 60 (1st Cir. 1985) where the Court awarded Defendant attorney's fees where Plaintiff pursed a duty of fair representation case after the statute of limitations had run.

Plaintiff was fully cognizant of the fact that the Union had no intention of pursuing her discharge grievance by May 22, 2002, when she filed her first unfair labor practice charge with the NLRB.

In the instant case, Plaintiff was fully aware that the Union was not going to take any action based upon her alleged grievances or her actual termination for some time. She was fully aware of this in May 2002 when she first sought redress at the NLRB, which shares jurisdiction

with this honorable Court. No further action was taken by Plaintiff until September 5, 2003, when she filed another charge with the NLRB.

### IV. A Union Representative May Not be Held Personally Liable for a Violation of the Duty of Fair Representation.

Even if Plaintiff's Complaint were timely, it would fail to state a claim. Plaintiff has brought this claim against a single Defendant, Myles Calvey, her former Union's Business Manager. However, "individual officers or members of a labor union may not be held liable for the union's breach of its duty of fair representation". *Mouradian v. John Hancock Cos.*, 751 F.Supp. 262, 271 (D.Mass. 1998) [citing *Atkinson v. Sinclair Refining Co.,*, 370 U.S. 238, 247-249 (1962)]; *see also Evangelista v. Inlandboatmen's Union*, 777 F.2d 1990, 1400 (9th Cir. 1985) [duty of fair representation claim may not be brought against individual union officer]; *Carter v. Smith Food King*, 765 F.2d 916, 920-921 (9th Cir. 1985) ["It is well settled that section 301 provides the basis for an action for the breach of the duty of fair representation only against a union as an entity, and not against individuals who happen to hold positions in that union"] (citing *Atkinson, supra*). Because no duty of fair representation claim may be maintained against Mr. Calvey, the named Defendant in this action, the Complaint, respectfully, should be dismissed.

## Conclusion

For these and other reasons, Plaintiff's Complaint should be dismissed in its entirety.

Respectfully submitted,

MYLES CALVEY
By His Attorney

Date: September 10, 2004

Wendy M. Bittner, BBO# 044100
15 Court Square - Ste. 300
Boston, MA 02108
(617) 624-0200

## CERTIFICATE OF SERVICE

I hereby certify that a true copy of the above document, Defendant's Memorandum in Support of Motion to Dismiss, was served upon the following via first-class mail, postage prepaid, on September 10, 2004:

Patricia Colburn
100 Kenelworth Avenue
Brockton, MA 02301

Wendy M. Bittner

**EXHIBIT A**

FORM NLRB-508

FORM EXEMPT UNDER 44 U.S.C. 3512

UNITED STATES OF AMERICA
NATIONAL LABOR RELATIONS BOARD

# CHARGE AGAINST LABOR ORGANIZATION OR ITS AGENTS

| DO NOT WRITE IN THIS SPACE | |
|---|---|
| Case | Date Filed |
| 1-CB-9936 | 5/22/02 |

kjm

**INSTRUCTIONS:**
File an original and 4 copies of this charge and an additional copy for each organization, each local, and each individual named in Item 1 with the NLRB Regional Director of the region in which the alleged unfair labor practice occurred or is occurring.

## 1. LABOR ORGANIZATION OR ITS AGENTS AGAINST WHICH CHARGE IS BROUGHT

| a. Name | b. Union Representative to contact |
|---|---|
| Local 2222, International Brotherhood of Electrical Workers, AFL-CIO | Myles Calvey |
| c. Telephone No. 617-328-9600 | d. Address (street, city, state and ZIP code) 122 Quincy Shore Drive, Quincy, MA 02171 |

e. The above-named organization(s) or its agents has (have) engaged in and is (are) engaging in unfair labor practices within the meaning of section 8(b), subsection(s) (1)(A) of the National Labor Relations Act, and these unfair labor practices are unfair practices affecting commerce within the meaning of the Act.

2. Basis of the Charge (set forth a clear and concise statement of the facts constituting the alleged unfair labor practices)

Since on or about February 1, 2002, the above named labor organization, by its officers and agents, has failed and refused to represent Patricia Colburn on a grievance regarding her termination.

| 3. Name of Employer | 4. Telephone No. |
|---|---|
| Verizon | 781-348-8100 |
| 5. Location of plant involved (street, city, state and ZIP code) 350 Granite Street, Braintree, MA 02184 | 6. Employer representative to contact Kevin Devin |
| 7. Type of establishment (factory, mine, wholesaler, etc.) utility | 8. Identify principal product or service telephone service | 9. Number of workers employed 300 |

| 10. Full name of party filing charge | |
|---|---|
| Patricia Colburn | |
| 11. Address of party filing charge (street, city, state and ZIP code) 100 Kenelworth Avenue, Brockton, MA 02301 | 12. Telephone No. 508-584-5713 |

**6. DECLARATION**

I declare that I have read the above charge and that the statements therein are true to the best of my knowledge and belief.

By *Patricia M Colburn*   Title an Individual
Signature of representative or person making charge Patricia Colburn
Address 100 Kenelworth Avenue, Brockton, MA 02301   Telephone No. 508-584-5713   Date 5/20/02

**WILLFUL FALSE STATEMENTS ON THIS CHARGE CAN BE PUNISHED BY FINE AND IMPRISONMENT**
(U.S. CODE, TITLE 18, SECTION 1001)


COPY

**EXHIBIT B**

FORM NLRB-508
(6-90)

UNITED STATES OF AMERICA
NATIONAL LABOR RELATIONS BOARD
**CHARGE AGAINST LABOR ORGANIZATIONS OR ITS AGENTS**

FORM EXEMPT UNDER 44 U.S.C. 3512

**DO NOT WRITE IN THIS SPACE**

| Case | Date Filed |
|---|---|
| 1-CB-10180 | 9/5/03 |

INSTRUCTIONS: File an original together with four copies and a copy for each additional charged party named in item 1 with NLRB Regional Director for the region in which the alleged unfair labor practice occurred or is occurring.

### 1. LABOR ORGANIZATION OR ITS AGENTS AGAINST WHICH CHARGE IS BROUGHT

**a. Name**
Local 2222, International Brotherhood of Electrical Workers, AFL-CIO

**b. Union Representative to contact**
Myles Calvey

**c. Telephone No.** (617)328-9600
Fax No.

**d. Address** (Street, city, state, and ZIP code)
122 Quincy Shore Drive
Quincy     MA   02171

**e.** The above-named organization(s) or its agents has (have) engaged in and is (are) engaging in unfair labor practices within the meaning of section 8(b), subsection(s) (1)(A) (list subsections) of the National Labor Relations Act, and these unfair labor practices are unfair practices affecting commerce within the meaning of the Act.

**2. Basis of the Charge** (set forth a clear and concise statement of the facts constituting the alleged unfair labor practices)

Since on or about February 1, 2002, the above-named labor organization, by its officers and agents, has failed and refused to represent Patricia Colburn on a grievance regarding her termination, continuiing conduct alleged as a violation in Case 1-CB-9936.

**3. Name of Employer**
Verizon

**4. Telephone No.**
(781)348-8100
Fax No.

**5. Location of plant involved** (street, city, state and ZIP code)
350 Granite Street
Braintree    MA    02184

**6. Employer representative to contact**
Kevin Devin

**7. Type of establishment** (factory, mine, wholesaler, etc.)
utility

**8. Identify principal product or service**
telephone service

**9. Number of workers employed**
300

**10. Full name of party filing charge**
Patricia M. Colburn

**11. Address of party filing charge** (street, city, state and ZIP code.)
100 Kennelworth Avenue
Brockton    MA    02301

**12. Telephone No.**
(508)584-5713
Fax No.

### 13. DECLARATION

I declare that I have read the above charge and that the statements therein are true to the best of my knowledge and belief.

By _(signature)_  Patricia Colburn   an individual
(signature of representative or person making charge)   (Print/type name and title or office, if any)

Address  100 Kenelworth Avenue
Brockton    MA    02301    (Fax)    (508)584-5713    9/4/03
         (Telephone No.)    (date)

**WILLFUL FALSE STATEMENTS ON THIS CHARGE CAN BE PUNISHED BY FINE AND IMPRISONMENT (U.S. CODE, TITLE 18, SECTION 1001)**

01-2003-1812

**EXHIBIT C**

NOV 19 2003



**UNITED STATES GOVERNMENT**

**NATIONAL LABOR RELATIONS BOARD**
Region 1  Boston, Massachusetts
10 Causeway Street, 6th Floor
Boston, MA 02222-1072
(617) 565-6700

November 18, 2003

Ms. Patricia M. Colburn
100 Kennelworth Avenue
Brockton, MA 02301

                          Re:     International Brotherhood of Electrical Workers,
                                      Local 2222, AFL-CIO
                                      (Verizon)
                                      Case 1-CB-10180

Dear Ms. Colburn:

      The Region has carefully investigated and considered your charge against Local 2222, IBEW alleging violations under Section 8 of the National Labor Relations Act.

      Decision to Dismiss: Based on that investigation, I have concluded that further proceedings are not warranted, and I am dismissing your charge for the following reason

      Section 10(b) of the Act prohibits the Board from issuing a complaint based on an unfair labor practice charge occurring more than six months prior to the filing of the charge with the Board and service of a copy of that charge upon the person against whom it was made. You did not file the charge until September 5, 2003, more than six months after the Union allegedly refused to process a grievance on your behalf with respect to your termination from employment from Verizon. Therefore, I conclude that the operation of Section 10(b) of the Act prohibits the issuance of a complaint based on the Union's refusal to process your grievance.

      Your Right to Appeal: The National Labor Relations Board Rules and Regulations permit you to obtain a review of this action by filing an appeal with the General Counsel of the National Labor Relations Board. If you wish to file an appeal, your attention is directed to the following:

      Appeal Due Date: The appeal <u>must be received by the General Counsel in Washington, D.C.</u> by the close of business at 5 p.m. <u>on December 2, 2003.</u> However, if you mail the appeal, it will be considered timely if it is postmarked no later than one day before the due date. <u>The appeal MAY NOT be filed by facsimile transmission.</u>

      Extension of Time to File Appeal: If you provide a good reason, the General Counsel may grant you an extension of time to file the appeal. You may file a request for an extension of

time by mail, by facsimile transmission, or through the Internet. The fax number is (202) 273-4283. Special instructions for requesting an extension of time over the Internet are set forth in the attached Access Code Certificate. <u>Any request for an extension of time must be received by the appeal due date indicated above</u>. A copy of any request for extension of time should be sent to me.

Appeal Contents: The appeal must contain a complete statement setting forth the facts and the reasons why you believe the decision to dismiss the charge is incorrect.

Address for Appeal: The appeal should be sent to the General Counsel of the National Labor Relations Board, Office of Appeals, 1099 14th Street, N.W., Washington, D.C. 20570. You should send a copy of the appeal to me. At the time you send the appeal to the General Counsel, please complete the enclosed Notice of Appeal Form (NLRB-4767) and send one copy of the form to each of the parties whose names and addresses are listed below. Mailing the notice form to the parties does <u>not</u> relieve you of the obligation to file the appeal itself with the General Counsel and to send a copy of the appeal to me by the due date.

            Very truly yours,

            *Rosemary Pye*
            Rosemary Pye
            Regional Director

cc: See Attachment

International Brotherhood of Electrical Workers,
Local 2222, AFL-CIO
Mr. Myles Calvey
122 Quincy Shore Drive
North Quincy, MA 02171

Wendy Bittner, Esquire
15 Court Square, Suite 300
Boston, MA 02108

International Brotherhood of Electrical
Workers, AFL-CIO
Mr. Edwin D. Hill, International President
1125 Fifteenth Street, NW, Suite 1108
Washington, DC  20005

Verizon
Mr. Kevin Devin
350 Granite Street
Braintree, MA  02184

General Counsel, Office of Appeals

**EXHIBIT D**



**UNITED STATES GOVERNMENT**
## NATIONAL LABOR RELATIONS BOARD
OFFICE OF THE GENERAL COUNSEL

Washington, D.C.   20570

February 26, 2004

Re: International Brotherhood of Electrical
    Workers, Local 2222, AFL-CIO (Verizon)
    Case No. 1-CB-10180-1

Ms. Patricia M. Colburn
100 Kenelworth Avenue
Brockton, MA  02301

Dear Ms. Colburn:

Your appeal from the Regional Director's refusal to issue complaint has been carefully considered.

The appeal is denied substantially for the reasons set forth in the Regional Director's letter of November 18, 2003. To the extent that you contended in the investigation that considerations related to age and/or disability have been the cause of your delay in filing a charge, this is insufficient to toll the limitations period to file unfair labor practice charges pursuant to Section 10(b) of the Act. Accordingly, further proceedings herein were deemed unwarranted.

Sincerely,

Arthur F. Rosenfeld
General Counsel

By /s/ Yvonne T. Dixon
Yvonne T. Dixon, Director
Office of Appeals

cc:   Director, Region 1

Mr. Myles Calvey
International Brotherhood of Electrical
   Workers, Local 2222, AFL-CIO
122 Quincy Shore Drive
Quincy, MA  02171

Mr. Kevin Devin
Verizon
350 Granite Street
Braintree, MA 02184

Case No. 1-CB-10180-1 -2

Wendy Bittner, Esq.
15 Court Square, Suite 300
Boston, MA 02108

Mr. Edwin D. Hill
International Brotherhood of Electrical
 Workers, AFL-CIO
1125 Fifteenth Street, NW, Suite 1108
Washington, DC 20005

trs