UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

```
PATRICIA M. COLBURN,           )
     Plaintiff,                )
                               )
     V.                        )     C.A. No. 04-11784-MLW  (13)
                               )
RICHARD CAPPIELLO,             )
     Defendant.                )


PATRICIA M. COLBURN,           )
     Plaintiff,                )
                               )
     V.                        )     C.A. No. 04-10859-MLW  (8)
                               )
IBEW LOCAL 2133, IBEW LOCAL    )
2222, VERIZON COMMUNICATIONS,  )
INC.                           )
     Defendant.                )


PATRICIA M. COLBURN,           )
     Plaintiff,                )
                               )
     V.                        )     C.A. No. 04-11920-MLW  (5)
                               )
MYLES CALVEY,                  )
     Defendant.                )
```

MEMORANDUM AND ORDER

Wolf, D.J.                                              March 10, 2005

On July 19, 2004, plaintiff Patricia M. Colburn filed a *pro se* complaint against Verizon Communications, Inc. ("Verizon") and her "Union" in the Superior Court of the Commonwealth of Massachusetts for Plymouth County. The complaint, entitled the "Case against Verizon and the Union," appears to allege that Colburn was

1

wrongfully discharged from her employment with Verizon, and that the Union failed to afford her fair representation. The complaint does not allege any particular cause of action, and does not specify which allegations pertain to Verizon or the Union.

In essence, the complaint alleges that Colburn was an employee of Verizon for over 25 years. See Complaint, 1. Colburn claims that on August 23, 2000, her daughter suffered a miscarriage resulting in hospitalization, and her supervisor gave her an unpaid holiday for the work she missed despite the fact that she was entitled to paid vacation. Id. at 1-2. Seeking redress, Colburn states that she filed a grievance with her Union. She asserts that the Union did "nothing for [her]," although the Union had secured paid vacation time for other employees. Id. at 2. Colburn states that, as a result, "she fell into a deep depression" and that her doctor "put her out of work." Additionally, Colburn alleges that her supervisor was unfair to her because she had previously reported him to the Union. Id.

Subsequently, Colburn secured a transfer out of her supervisor's department, to work in Braintree, Massachusetts. Id. While in Braintree, Colburn indicates that a co-worker was permitted to arrive at work late and that her tardiness made Colburn's job more difficult. After discussing this situation with the co-worker, Colburn states that she complained to the Union and to her supervisor, but that nothing was done. Id. at 2-3.

Colburn also alleges that in March, 2001, she hurt her hand on the job, and that her injury was diagnosed as Carpel Tunnel Syndrome. Id. at 3. This injury caused Colburn to miss work for a week. It appears that Colburn saw another doctor at the direction of Verizon, and that this doctor informed her that her hand was not injured. Id. at 4. After collecting Workers Compensation insurance, Colburn received a letter instructing her to return to work. Id. Colburn alleges that she responded to this letter by informing Verizon that she could not work due to her medical condition. Id.

Subsequently, on February 1, 2002, Colburn received a letter informing her that her employment with Verizon was terminated effective December 15, 2001. Id. Colburn appears to assert that this termination was wrongful, because she was entitled to take time off due to her injury and because Verizon had not responded to her letter informing the company of her medical condition. Colburn further claims that her Union did not support her in her efforts to regain employment with Verizon. Id. Colburn filed the instant suit in state court on July 19, 2004.

The complaint was served on Defendant Richard Capiello, business manager for IBEW Local 2133; Myles Calvey, business manager of IBEW Local 2222; and Verizon. Defendants removed this action to federal court in three separate notices of removal.[1]

---

[1] Although the three notices of removal resulted in three cases before this court, Colburn only filed a single complaint in state court. Accordingly, the complaints in each of the three

Specifically, Cappiello filed a notice of removal on August 17, 2004 in <u>Colburn v. Capiello</u>, C.A. No. 04-11784-MLW; Verizon filed a notice of removal on August 25, 2004 in <u>Colburn v. IBEW Local 2133, IBEW Local 2222, and Verizon</u>, C.A. No. 04-011859-MLW; and Calvey filed a notice of removal on September 2, 2004 in <u>Colburn v. Calvey</u>, C.A. No. 04-11920-MLW.[2]

As grounds for removal, defendants contend that the complaint, which relates to the termination of her employment and the Union's alleged failure to provide her with fair representation under a collective bargaining agreement, must be treated as a hybrid §301 claim, pursuant to §301 of the Labor Management Relations Act ("LMRA"), codified at 29 U.S.C. §185. <u>See</u> <u>United Steelworkers v. Rawson,</u> 495 U.S. 362, 367 (1990). Removal based on federal question jurisdiction, <u>see</u> 28 U.S.C. §§1331, 1441, was proper because "[f]ederal common law supplies the substantive rules for adjudicating interlocked claims against an employer and a trade

---

removed cases are identical.

[2]In an August 25, 2004 letter to the court, Colburn stated that she intended to name the unions, and not individual defendants Capiello and Calvey, as defendants in the complaint. Therefore, the court is treating <u>Colburn v. Capiello</u>, C.A. No. 04-11784-MLW, as a case against IBEW Local 2133, and <u>Colburn v. Calvey</u>, C.A. No. 04-11920-MLW, as a case against IBEW Local 2222. In the third action, <u>Colburn v. IBEW Local 2133, IBEW Local 2222, and Verizon,</u> C.A. No. 04-11859, which was removed to this court by Verizon, the captioned defendants are IBEW Local 2133 and IBEW Local 2222 in addition to Verizon. As IBEW Local 2133 and IBEW Local 2222 are already defendants in the related actions, the court is treating C.A. 04-11859 as a case against Verizon only.

union[.]" <u>Mulvihill v. Top-Flite Golf Company</u>, 335 F.3d 15, 20 (1st Cir. 2003).

Each defendant has filed a motion to dismiss the complaint. Each defendant argues, among other things, that the complaint must be dismissed because it is time-barred. For the reasons explained below, the court finds that the complaint is time-barred. Therefore, the motions to dismiss are being allowed.

As explained earlier, the complaint does not assert any specific cause of action. In essence, the complaint relates to Verizon's termination of Colburn's employment and her unions' alleged failure to provide her with fair representation.

"In considering a motion to dismiss, the court must look only at the allegations of the complaint, and if under any theory they are sufficient to state a cause of action in accordance with the law, a motion to dismiss the complaint must be denied." <u>Wehringer v. Powers & Hall, P.C.</u>, 874 F.Supp. 425, 427 (D. Mass. 1995) (internal quotations and citations omitted). "[T]he fact that the plaintiff filed the complaint *pro se* militates in favor of a liberal reading." <u>Rodi v. Southern New England School of Law</u>, 389 F.3d 5, 13 (1st Cir. 2004); <u>see also</u> <u>Boivin v. Black</u>, 225 F.3d 36, 43 (1st Cir. 2000) (noting that "courts hold *pro se* pleadings to less demanding standards than those drafted by lawyers.").

Read in the light most favorable to Colburn, the complaint appears to state a hybrid §301/fair representation claim.

5

>A hybrid claim is one in which the plaintiff has a cause of action against both the employer and the union. The typical hybrid action involves a claim that the employer violated the collective bargaining agreement and the union failed to handle properly the grievance of the plaintiff-employee who was injured as a result of the employer's action.

Cabarga Cruz v. Fundacion Educativa Ana G. Mendez, Inc., 822 F.2d 188, 191 (1st Cir. 1987); see also Graham v. Bay State Gas Company, 779 F.2d 93, 94 (1st Cir. 1985). "Such a suit, as a formal matter, comprises two causes of actions." DelCostello v. International Brotherhood of Teamsters, et al., 662 U.S. 151, 164 (1983). In this case, the complaint, read in the light most favorable to Colburn, alleges that Verizon breached a collective bargaining agreement in violation of §301 of the LMRA by denying her paid vacation and terminating her employment. In addition, the complaint may be read to state a claim that the unions breached their "duty of fair representation, which is implied under the scheme of the National Labor Relations Act." DelCostello, 462 U.S. at 164. "This sort of double-barreled suit is known as a hybrid [§]301 action." Mulvihill, 335 F.3d at 20.

"In DelCostello v. International Brotherhood of Teamsters, the Supreme Court held that the six-month statute of limitations of section 10(b) of the [LMRA] applies to 'hybrid' actions brought under [§]301 of that Act." Graham, 779 F.2d at 94 (citing DelCostello, 462 U.S. at 169-71.). "A cause of action in a hybrid [§]301/fair representation suit arises when the plaintiff knows, or reasonably should know, of the acts constituting the union's

6

alleged wrongdoing." Id.

In this case, even reading the complaint in the light most favorable to Colburn, it is clear that she filed the instant suit after the six-month statute of limitations had expired. According to the complaint, Colburn received notice of her termination on February 1, 2002, and Colburn became aware that the Union was not going to pursue her grievances at that time. See Complaint, 3-4. As the instant lawsuit was filed on July 19, 2004, more than two years after Colburn learned of her termination and the Union's response to it, Colburn's claim is time-barred, and thus fails to state a claim upon which relief may be granted. Id.

Accordingly, it is hereby ORDERED that:

1. Cappiello's Motion to Dismiss (Docket No. 2), in C.A. No. 04-11784, is ALLOWED.

2. Verizon's Motion to Dismiss (Docket No. No. 2), in C.A. No. 04-11859, is ALLOWED. Verizon's Motion to Consolidate (Docket No. 5) is rendered moot by this order.

3. Calvey's Motion to Dismiss (Docket No. 2), in C.A. No. 04-11920, is ALLOWED.

/s/ Mark L. Wolf
UNITED STATES DISTRICT COURT