**The Commonwealth of Massachusetts**
**Commission Against Discrimination**
**One Ashburton Place-Room 601**
**Boston, Ma. 02108**
**(617) 994-6000**

## FACSIMILE TRANSMITTAL SHEET

TO: Catherine Highet

FAX: 801-203-6458

FROM: Jeffrey J. Turner, Public Records

DATE: September 30, 2005

RE: Patricia Colburn v. Verizon; 02-13-00376

Dear Ms. Highet:

    This is in response to your request for records maintained by the Massachusetts Commission Against Discrimination pursuant to the Massachusetts Public Records Law.

    In accordance with 804 CMR 1.04, only the Charge of Discrimination, Investigative Determination and Public Hearing Records are Public Information. Only parties to a complaint and their attorney have access to the Investigative Record.

Sincerely,

Jeffrey J. Turner
Public Records

PAGES INCLUDING COVER SHEET: 4

The information contained on this facsimile is intended only for the personal and confidential use of the designated recipients(s) named above. If the reader of this message is not the intended recipient, you are hereby notified that you have received this document in error, and that any review, dissemination, distribution, or copying of this message is strictly prohibited. If you have received this communication in error, please notify me immediately by telephone and return the original message to me by mail. Thank you.

SEP-29-2005 23:36        6179946161                                              P.02/04

### The Commonwealth of Massachusetts
### Commission Against Discrimination
One Ashburton Place, Boston, MA 02108
Phone: (617) 994-6000 Fax: (617) 994-6024

| | |
|---|---|
| MCAD DOCKET NUMBER: 02BEM00376 | EEOC/HUD CHARGE NUMBER: 16CA200948 |
| FILING DATE: 02/13/02 | VIOLATION DATE: 01/30/02 |

**Name of Aggrieved Person or Organization:**
Patricia M Colburn
100 Kenilworth Avenue
Brockton, MA 02301

**Named is the employer, labor organization, employment agency, or state/local government agency who discriminated against me:**
Verizon
John Reed, Director of Operations
300 Granite Street, 3rd. Floor
Braintree, Ma 02184

No. of Employees:       20 +

Work Location: Braintree

**Cause of Discrimination based on:**
Age, Age Discrimination unspecified or general; Disability, Disability.

**The particulars are:**
I, Patricia M Colburn, the Complainant believe that I was discriminated against by Verizon, on the basis of Age, Disability. This is in violation of M.G.L. 151B Section 4 Paragraph 16,1b and ADA, ADEA.

I have worked for Verizon, hereafter Respondent, for 25 years. On March 15, 2001 I hurt my hand. As a result, I left employment on disability. I also became depressed and treated for that. On or October 1, 2001 I returned to work against my doctor's advise because Respondent stopped my pay. On November 12, 2001, I hurt my shoulder which prompted me to leave work on medication. While I was on medication, I received a package from the company for early retirement which I declined because it would penalize my pension because I am too young to retire (DOB 3-18-54).
On February 1, 2002 I received a registered letter terminating my employment.

I believe Respondent terminated my employment rather than providing me with a reasonable accommodation to do my job because of my age (47). I believe Respondent disliked my decision not to retire earlier. I also believe Respondent terminated me because of my handicap/disability by not wanting to accommodate my handicap.

I swear or affirm that I have read this complaint and that it is true to the best of my knowledge, information and belief.

*Patricia M Colb* 
(Signature of Complainant)

Sworn to and subscribed before me on me on this day of 2/13/2002
*[signature]*
Notary Public
Com exp. 11-21-05

MCAD Docket Number 02BEM00376, Complaint

SEP-29-2005 23:36          6179946161                                              P.03/04

## MASSACHUSETTS COMMISSION AGAINST DISCRIMINATION
## ONE ASHBURTON PLACE, ROOM 601, BOSTON, MA 02108
## (617) 727-3990

### -DISMISSAL and NOTIFICATION of RIGHTS-

TO: Patricia M. Colburn　　　　　　Case: Colburn v. Verizon
100 Kenilworth Ave　　　　　　　　Docket No: 021300376
Brockton, MA 02401　　　　　　　　EEOC No: 16CA200948　　　　AUG 1 9 2003
　　　　　　　　　　　　　　　　　Investigator: Katherine M. Martin, Esq.

Your complaint has been dismissed for the following reasons:

[ ]　The facts you allege fail to state a claim under any of the statutes the Commission enforces.

[ ]　Respondent employs less than the required number of employees

[ ]　Your complaint was not timely filed with the Commission, i.e. you waited too long after the date(s) of the alleged discrimination to file. Because it was filed outside the time limit prescribed by law, the Commission cannot investigate your allegations.

[ ]　You failed to provide requested information, failed or refused to appear or to be available for necessary interviews/conference, or otherwise refused to cooperate to the extent that the Commission has been unable to resolve your complaint. You have had more than 30 days in which to respond to our written request.

[ ]　The Commission's efforts to locate you have been unsuccessful. You have had at least 30 days in which to respond to a notice sent to your last known address.

[ ]　The Respondent has made a reasonable settlement, offering full relief for the harm you alleged. 30 days have expired since you received actual notice of this settlement offer.

[ X ]　The Commission issues the following determination. Based upon the Commission's investigation, the Commission is unable to conclude that the information obtained establishes a violation of the statutes. This does not certify that the Respondent is in compliance with the statutes. No finding is made as to any other issues that might be construed as having been raised by this complaint.

### -NOTICE of APPEAL-

If you wish to appeal the dismissal of your complaint and believe that the above stated reason for dismissal is incorrect, you may appeal to this Commission within 10 days after receipt of this notice. You or your attorney must make your appeal of the dismissal in writing to the appeals clerk of this Commission. Attention: Ms. Nancy To.

All employment complaints, where applicable, were filed by the MCAD with the Equal Employment Opportunity Commission. Our finding, which will be forwarded to its area office, JFK Federal Building, Boston, MA will be given substantial weight provided that such findings are in accordance with the requirements of Title VII of the Civil Rights Act of 1964, the ADEA, and/or the ADA, as amended.

_____　　　　　　　　　　　8/18/03
Dorca I. Gomez　　　　　　　　　　　　　　　　　　　　DATE
Investigating Commissioner

Cc: Paul M. McGovern, Esq.
　　Legal Counsel
　　Verizon
　　125 High Street
　　Boston, Ma 02210

## MEMORANDUM

TO: File
FR: Katherine M. Martin, Esq., Supervisor
CASE: Colburn v. Verizon
MCAD NO: 021300376
EEOC NO: 16CA200948
EMPLOYEES: 25+

### RECOMMENDATION FOR DISMISSAL OF THE COMPLAINANT

**ISSUES INVESTIGATED:**

On March 5, 2002 the Complainant filed a complaint with this Commission alleging that she had been discriminated against because of her age, 48 (DOB 3/18/54) and disability, injured hand, injured shoulder and depression, in that she was terminated in violation of Massachusetts General Laws, Chapter 151B, Section 4, Paragraphs 1B, 16 the ADEA of 1967 as amended and the ADA of 1990 as amended.

**SUMMARY OF FINDINGS:**

The Complainant cannot articulate a prima facie complaint for age. The Complainant is a member of the protected class for age. The Complainant has not offered sufficient information to show that her age was in any way related to the actions taken by the Respondent. The Complainant has not offered anyone not of her protected class who was afforded better treatment. Therefore, this portion of the complaint is dismissed.

The Complainant cannot establish a prima facie complaint for discrimination based on disability. The Complainant's injuries to her hand and shoulder do not rise to the level of a substantial impairment to a major life function. The Complainant has provided information to show that she also suffered from major depressive disorder, which does rise to the level of a disability. However, the Complainant was not a qualified handicap person as she was unable to be performing the essential functions of her position with or without a reasonable accommodation.

The Complainant under went two separate independent medical exams (IME), which concluded that she was able to return to work. The Complainant declined to return to work and appealed the second determination. The Complainant lost this appeal and as she did not return to work she was terminated. The Complainant was not a qualified handicap person as there was independent evidence that she did not suffer impairment to a major life function and thus was not a member of the protected class at the time of her termination.

**CONCLUSION:**

For the foregoing reasons, a lack of probable cause finding is recommended.

Katherine M. Martin, Esq.
Compliance Officer III